UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALONZO BOOTH AND MILDRED BOOTH | CIVIL ACTION |
| VERSUS | NO. 23-4136 |
| GEOVERA SPECIALTY INSURANCE COMPANY | SECTION "R" (2) |

## ORDER AND REASONS

Defendant GeoVera Specialty Insurance Company ("GeoVera") moves to dismiss the case under Federal Rule of Civil Procedure 41(b) for plaintiffs' failure to comply with this Court's Order.[1]  Plaintiffs did not respond to the motion or the Court's order mandating response to the motion.[2]  For the following reasons, the Court grants Defendant's motion and dismisses Plaintiffs' case with prejudice.

## I.    BACKGROUND

In August 2023, the Booths sued GeoVera for damages allegedly arising from Hurricane Ida.[3]  Under the Case Management Order for Hurricane Ida claims in this District, the case proceeded through a

---

[1]    R. Doc. 38.
[2]    R. Doc. 39.
[3]    R. Doc. 1 at 2-3.

1

Streamlined Settlement Program.[4]  As part of that program, the matter went to mediation twice, and the Booths failed to meaningfully participate in either mediation.[5]  GeoVera then moved to dismiss the case for plaintiffs' failure to participate, and the Court denied the motion and ordered the parties to again attend a mediation.[6]

At the third mediation on February 19, 2025, the Booths appeared but did not participate in the mediation.  Magistrate Judge Donna Phillips Currault held a settlement conference with the parties, and the Booths did not participate. The case then returned to this Court's active docket.

GeoVera then propounded written Interrogatories and Requests for Production of Documents upon the Booths.  Neither the Booths nor their counsel attended the Rule 37 Discovery Conference or responded to the discovery requests.  GeoVera moved to compel plaintiffs' responses to discovery.[7]  Plaintiffs did not respond to the motion to compel, which the Court granted.[8]

On the required date, the Booths responded to the discovery requests. But, the Booths did not provide a "full and complete" response to the

---

[4]     R. Doc. 9 at 1-2.
[5]     R. Doc. 15-1, at 2-3.
[6]     R. Doc. 18.
[7]     R. Doc. 32.
[8]     R. Doc. 33.

discovery request as the order required.  Their response to nearly every request was either a reference to their complaint or "Plaintiffs will supplement as additional information becomes available."[9]

Plaintiffs' counsel then withdrew.[10]  Plaintiffs' counsel cited to unresolvable conflicts, including that plaintiffs "are unwilling to fully assist in preparing the case, have already skipped scheduled mediation and make communication unnecessarily difficult."[11]

After that, GeoVera has contacted plaintiffs directly.  Plaintiffs did not respond to GeoVera's attempts to contact them for further discovery responses, nor did they attend the second scheduled Rule 37 Discovery Conference.[12]

GeoVera now moves to dismiss this case under Federal Rule of Civil Procedure 41(b) for plaintiffs' failure to comply with this Court's orders, including the Case Management Orders, the order to participate in the mediation, and the order compelling discovery.[13]  Plaintiffs did not respond to GeoVera's motion.  The Court then issued a show cause order, ordering

---

[9]     R. Doc. 38.

[10]    This was the second attorney to withdraw from the Booth's case.  The first withdrew because he was suspended from the practice of law. R. Doc. 30.

[11]    R. Doc. 35.

[12]    R. Doc. 38.

[13]    R. Doc. 38.

the plaintiffs to show cause why the Court should not grant defendant's motion and dismiss plaintiffs' claims with prejudice.[14]   Plaintiffs did not respond.

The Court considers the motion below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions . . . .").

Therefore, dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the

---

[14]      R. Doc. 39.

plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)).  A clear record of delay exists when there have been "significant periods of total inactivity." *Shaw v. The United Mexican States*, No. 23-40422, 2024 WL 1113013, at *2 (5th Cir. Mar. 14, 2024) (per curiam) (citation and internal quotation marks omitted).  Before sanctioning a party via dismissal with prejudice, the district court must expressly determine that "lesser sanctions would not prompt diligent prosecution," or the record must show that the district court "employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191).

## III.  DISCUSSION

Plaintiffs have failed to comply with multiple court orders, and thus action under Fed. R. Civ. P. 41(b) is appropriate.  The remaining question is whether the remedy of dismissal with prejudice is appropriate.

The Court finds that it is. There is a clear record of delay and contumacious conduct by the plaintiff. Plaintiffs have had repeated opportunities to meaningfully prosecute this case, including through mediations, a magistrate-judge settlement conference, and by making their initial disclosures and responding to defendant's discovery requests. Plaintiffs have failed to do so. Further, all three aggravating circumstances are present. The Booths caused the delay, not their attorneys. The delay has resulted in actual prejudice to GeoVera; the defendant has repeatedly tried to resolve this litigation over the past four years. The Booths have intentionally refused to participate in the various mediations, settlement conferences, and discovery, and have entered nothing in the record since November 4th, 2024.

As to whether lesser sanctions would be appropriate, the record shows that they would not. First, the Court has already employed lesser sanctions, which proved "to be futile." *Berry*, 975 F.2d at 1191. The Court denied one motion to dismiss on these grounds and ordered the Booths to meaningfully participate in another mediation, which they failed to do. The Booths failed to respond to a motion to compel and failed to respond to this motion to dismiss.[15] The Court issued a show cause order after the Booths failed to

---

[15]     R. Doc. 17.

respond to this motion, ordering the Booths to show cause for why the Court should not grant defendant's motion to dismiss with prejudice.[16]  The Booths did not do so.

Second, the remaining lesser sanctions are largely inapplicable. Dismissal without prejudice would function as dismissal with prejudice, because the statute of limitations has run on the Booths' claim.  The plaintiffs are now *pro se*, so attorney disciplinary or financial sanctions are inapposite. The Court finds that given the clear record of contumacious conduct and delay in this case and the futility of the Court's previous applications of lesser sanctions, dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.  The Court DISMISSES plaintiffs' claims WITH PREJUDICE under Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this __16th__ day of January, 2026.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16]    R. Doc. 39.